ALEXANDER HAMILTON AND OTHERS, AS TRUSTEES OF THE LIVERPOOL AND LONDON AND GLOBE INSURANCE COMPANY, RESPONDENTS, *v.* CHARLES GODFREY GUNTHER, APPELLANT, IMPLEADED WITH OTHERS.

*Equitable set-off — when it will be allowed — when the trustees of a foreign insurance company foreclosing a mortgage will be compelled to set off the amount due from the company on a policy of insurance to the mortgagor.*

One Gunther having executed three separate mortgages for $10,000 each on real estate owned by him to Hollishe & Sackett, trustees, procured a policy of insurance against fire for $21,300 from the Liverpool and London and Globe Insurance Company, the loss being made payable to the mortgagees. The policy provided that the company should have the right to demand an assignment of the mortgage, at its option, whenever it claimed that it was not liable to the owner upon the policy at the time of the loss, and that all securities held as collateral to the mortgage should be assigned with it. Gunther at the same time procured a policy for $8,500 from the same company upon his furniture, made payable to himself. In August, 1879, the property was burned and the loss was fixed upon one policy at $20,078.94, and upon the other at $8,500. In December following the plaintiffs, acting as the trustees of the fund required to be kept in this State by foreign insurance companies by chapter 888 of 1871, demanded and received an assignment of the mortgages. In November, 1881, Gunther brought an action upon the policies and recovered, on March 6, 1882, a judgment for $30,745.27, from which the company appealed to the Supreme Court of the United States. In December, 1883, this action was brought to foreclose the mortgages.

*Held,* that the defendant Gunther was entitled to have the amount due upon the two policies of insurance set off against the amount due upon the mortgages.

APPEAL from a judgment in favor of the plaintiffs, entered upon the trial of this action by the court without a jury and upon orders overruling demurrers interposed by certain of the defendants.

*George H. Forster,* for the appellant.

*William Allen Butler,* for the respondents.

BARNARD, P. J.:

There is no dispute as to the facts in this case. In November, 1877, the defendant Gunther, being the owner of certain real estate, executed three mortgages thereon to Hollishe & Sackett, trustees, each for $10,000. The defendant procured of the Liverpool and

London and Globe Insurance Company a policy of insurance against fire to the amount of $21,300, on the buildings on the mortgaged premises, loss payable to the mortgagees, Hollishe & Sackett. He also procured from the same company a policy upon the furniture for $8,500. This policy was not payable to the mortgagees, but to the insured. The policy held by the mortgagees contained a clause that the company issuing the policy should have the right to demand an assignment of the mortgage at its option, whenever it claimed that there was no liability as against the owner; and that all securities held as collateral should be assigned with the mortgage. Both these policies were alive on August 15, 1879, when both buildings and furniture were destroyed. The losses were made out and fixed at $20,078.94 on one policy, and $8,500 on the other. This was in August, 1879. The claims were not paid, and in December following the plaintiffs took an assignment of the mortgages, under the clause in the policy. The defendant brought suit upon the policies, and on the 28th November, 1881, he recovered a verdict thereupon to the amount of $29,977.38, which, subsequently, on March 6, 1882, matured into a judgment for $30,745.27. The company appealed to the United States Supreme Court from the United States Circuit where the judgment was rendered. In December, 1883, the plaintiffs bring this foreclosure action upon the mortgages. I think there can be no doubt of the right of the plaintiffs to sue. The legislature, by chapter 888, Laws of 1871, required foreign insurance companies doing business in this State, to transfer to trustees, and vest the title in them to certain assets of the company, which should be a portion of the capital of the company, for the purpose of business here. The act is indeed silent as to the right to collect, but that follows from the title. All incidents of ownership are included in the title, and among them the right to collect it. I think there is no doubt but that an offset good against the company would be good against the plaintiffs, who are mere trustees for the company. The offset would not be good against the trustees individually or collectively. It would go, if proper, against the fund itself, and it would be proper if it existed against the fund represented by the plaintiffs as trustees. This case is not one within the rule of counter-claim or set-off. The plaintiffs bought a mortgage secured collaterally by a policy of $21,300 issued

by the company for which the plaintiffs are trustees. If Hollishe & Sackett had received the money from the insurance company, it would, as a matter of course, have paid the mortgage so far as received. When the plaintiffs took the assignment they filled two capacities. As trustees they held the mortgage, but the company were the debtors for a security which accompanied the mortgage. By this act the plaintiffs paid the mortgage so far as the amount due upon the policy would pay it. It might take longer or shorter time to settle what the amount is, but until it is settled the mortgage is not good except for such of it as exceeds this loss by fire. I do not think the rule is different as to the policy for $8,500, which was not held by Hollishe. The loss had occurred. The plaintiffs bought a lien upon the land of the insured. They became creditor and debtor as to that policy. The two claims have passed into one judgment. Under these circumstances it seems to me inequitable to permit the mortgagees to sell the land when the presumption of record is that the amount of the judgment is due from the plaintiffs' company to the defendant Gunther.

The judgment should be reversed, and a new trial granted, costs to abide event. The demurrers of certain defendants were not good, and were properly overruled.

PRATT, J., concurred.

Present — BARNARD, P. J., DYKMAN and PRATT, JJ.

Judgment reversed and new trial granted, costs to abide event. Demurrer properly overruled.